

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

**SEP 29 2023**

ARTHUR JOHNSTON
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

AUDREY McGEE                                                  PLAINTIFF

VS.                                        CIVIL ACTION NO. *3:23cv2975-DPJ-FKB*

TARGET ENTERPRISE, INC. DBA
TARGET AND JOHN AND JANE DOES 1-10                           DEFENDANTS

---

## NOTICE OF REMOVAL

---

TO:    Mike Saltaformaggio
       Caleb Courtney
       Maggio Law
       1227 E. Fortification Street
       Jackson, Mississippi 39202

       Zack Wallace, Circuit Clerk
       Hinds County Circuit Court
       Post Office Box 327
       Jackson, Mississippi 39205

In accordance with 28 U.S.C. §§ 1332, 1441 and 1446, you are hereby notified that

Defendant Target Enterprise, Inc. has removed this civil action from the Circuit Court of Hinds

County, Mississippi to the United States District Court for the Southern District of Mississippi,

Northern Division, and in support thereof would show unto the Court the following:

1.      This is a premises liability action. Plaintiff alleges that on or about September 21,

2020, while shopping at the Target Store located at 6365 I 55 North, Jackson, Mississippi, she was

allegedly injured while falling on a wet floor in the restroom.

2.      On August 29, 2023, Plaintiff filed an action in the Circuit Court of Hinds County,

Mississippi, entitled *Audrey McGee vs. Target Enterprise Inc. dba Target and John and Jane Does

1-10* Cause No. 23-CV-00502. *See* Exhibit "A", Complaint contained in all process, pleadings

served upon Defendant.

3.      On August 23, 2023, Target Enterprise, Inc. received a demand letter from Maggio Law, on behalf of Audrey McGee, with a demand for $433,267.68. *See* Exhibit "B."

4.      Target Enterprise, Inc. received a copy of the Summons and Complaint on August 31, 2023.

5.      Pursuant to 28 U.S.C. § 1446 (b) this Notice of Removal is filed within thirty (30) days after the first receipt by any properly joined defendant of a copy of the initial pleading for the claim for relief upon which this action is based.[1]

6.      Pursuant to 28 U.S.C. section 1446 (c) a case may not be removed on the basis of diversity jurisdiction more than 1 year after commencement of the action. It has not been more than one year after commencement of the action since this action was initially filed on August 31, 2023.

## GROUNDS FOR REMOVAL

7.      This Court has jurisdiction over the matter, and this matter is properly removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

8.      The United States District Court for the Southern District of Mississippi, Northern Division, had, at the time the suit was filed, and now has, original subject matter jurisdiction of this civil action because there is complete diversity of citizenship among all properly joined parties, pursuant to 28 U.S.C § 1332, and because the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs and is between citizens of different states.

**A.      The Matter in Controversy Exceeds Sum of $75,000**

---

[1] Although the demand letter ("other paper") was received prior to the Complaint ("initial pleading"), the thirty day period was not triggered until after the receipt of both the Complaint and demand letter which together revealed that the case was removable. *See Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163-165 (5th Cir. 1992).

2

9.    A case is removable on diversity grounds if the amount in controversy can be ascertained from the face of a plaintiff's complaint or if facts are disclosed in "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . .." 28 U.S.C. § 1446(b)(3).

10.    The Complaint seeks unspecified damages to such a sum as determined by a jury. Defendant denies any wrongdoing. The amount in controversy exceeds $75,000. Plaintiff has alleged that the subject incident caused her serious, significant injuries. Plaintiff has also alleged that she has suffered personal injuries, severe pain and suffering, mental anguish, possible permanent scarring and/or impairment, and possible permanent disability. The complaint also alleges incurring of medical bills and expenses, as well as loss of wages or wage-earning capacity. Moreover, the settlement demand letter Plaintiff sent to Defendant requests $433,267.68 as a settlement for her personal injury claim. Defendant denies any wrongdoing, but such establishes that the amount in controversy is in excess of $75,000 especially given Plaintiff is seeking of damages for pain and suffering and mental anguish and given Plaintiff's request for $433,267.68 in her settlement demand letter.

11.    It can be ascertained from the face of plaintiff's complaint that the amount in controversy exceeds the jurisdictional minimum because "it is undisputed that Mississippi juries routinely award damages for pain and suffering and/or mental or emotional damages in excess of $75,000." *See Est. of Rushing by & through Rushing v. LM Gen. Ins. Co.*, 2022 WL 4096880 *2 (S.D. Miss. 2022); *Steilberg v. Bradley*, 2016 WL 1455454 *2 (S.D. 2016); *Colony Ins. Co. v. Ropers of Hattiesburg*, 2011 WL 1226095 *3 (S.D. Miss. 2011).

12.    Furthermore, pursuant to 28 U.S.C. § 1446 (b)(3), the settlement demand constitutes an "other paper" that demonstrates Plaintiff is seeking damages in excess of $75,000.

3

*See Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163-165 (5th Cir. 1992); *See also Carter v. Welsh*, 2022 WL 4242524 *2 (S.D. Miss. 2022) (finding that pre-suit demand letters are sufficient evidence to show "the amount in controversy exceeds the jurisdictional minimum."); *Grayson v. Moncla Well Service, Inc.*, 844 F.Supp.2d 789, 792 (S.D. Miss. 2011) ("[S]ettlement demand satisfied the "other paper" requirement under § 1446(b).").

13.    Accordingly, the amount in controversy exceeds the sum of $75,000.

**B.    The Matter is Between Citizens of Different States**

14.    A case is removable on diversity grounds if diversity of citizenship can be ascertained from the face of a plaintiff's complaint or if facts are disclosed in pleadings, motions or papers "from which it may first be ascertained that the case is one which is or has become removable . . .." 28 U.S.C. § 1446(b)(3).

15.    The named Plaintiff is domiciled in the State of Mississippi and is thus a citizen of Mississippi. The Complaint alleges that Plaintiff is a citizen of Hinds County, Mississippi [Compl. ¶ 1]. Defendant Target Enterprise, Inc. is a corporation and pursuant to 28 U.S.C. § 1332 it is thus deemed a citizen of every State and foreign state by which it has been incorporated and of the State where it has its principal place of business. Defendant Target Enterprise, Inc. is a citizen of Minnesota. Defendant is incorporated in the State of Minnesota with its principal place of business in Minnesota, and thus is a citizen of Minnesota.

16.    Accordingly, there is complete diversity between all named plaintiffs and all named defendants. Plaintiff is a citizen of Mississippi and Defendant is a citizen of Minnesota. Further, no party in interest and properly joined as a defendant is a citizen of the State in which this action is brought (Mississippi).

17.    Plaintiff has also sued fictitious defendants 1-10. Pursuant to 28 U.S.C. 1441(b),

for the purpose of determining whether a civil action is removable on the basis of diversity of citizenship, the Court should ignore the presence of the citizenship of the fictitious defendants as the citizenship of defendants sued under fictitious names shall be disregarded.

**C.    This Action May be Removed to the Northern Division of this Court**

18.    Pursuant to 28 U.S.C. section 1441 (a) a State court action in which a district court of the United States has original jurisdiction may be removed by the defendant to the district of the United States for the district and division embracing the place where such action is pending.

19.    This civil action was initially brought in State court in the Circuit Court of Hinds County, Mississippi. This action may be removed to this district court because it has original jurisdiction under 28 U.S.C. 1332 as established above. Hinds County is in the United States District Court for the Southern District of Mississippi and the Northern Division embraces the place where this action was initially filed. Therefore, venue for removal is proper under 28 U.S.C. § 1446(a) because this is the "district and division within which such action is pending . . .." *See* 28 U.S.C. § 1446(a). Accordingly, this action may be removed to this Court, Northern Division.

20.    No previous application has been made for the relief requested herein.

21.    Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders received by this removing Defendant is attached hereto as Exhibit "A". A copy of the of the entire state court record will be filed within 14 days of filing of this Notice of Removal pursuant to Local Rule 5(b)(1).

22.    A copy of this Notice of Removal is being served on Plaintiff, by and through his counsel of record and the Circuit Clerk of Hinds County, Mississippi.

23.    Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's right to assert defenses including, without limitation, the defenses

of (i) lack of personal jurisdiction, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

WHEREFORE, Target Enterprise, Inc. serves this notice and hereby removes this action pursuant to 28 U.S.C §§ 1332, 1441 and 1446, and Plaintiff herein is notified to attempt to proceed no further in this action in the Hinds County, Mississippi, unless by Order of the United States District Court for the Southern District of Mississippi, Northern Division. Defendant Target Enterprise, Inc. requests this Court to properly assume full jurisdiction over this matter as provided by law.

Respectfully submitted, this the 29th day of September, 2023.

TARGET ENTERPRISE, INC.

By Its Attorneys

WATKINS & EAGER PLLC

By: _____
Gabrielle C. Wells

OF COUNSEL:

Jimmy B. Wilkins (MSB No. 10773)
Gabrielle C. Wells (MSB No. 106535)
WATKINS & EAGER PLLC
400 East Capitol Street
Jackson, Mississippi 39201
Post Office Box 650
Jackson, Mississippi 39205
Telephone: (601) 965-1900
Facsimile: (601) 965-1901
Email: jwilkins@watkinseager.com
       gwells@watkinseager.com

CERTIFICATE OF SERVICE

I, Gabrielle C. Wells, hereby certify that on October 2, 2023 I electronically filed the

foregoing with the Clerk of the Court using the ECF system which sent notification of such filing

to the following:

Mike Saltaformaggio
Caleb Courtney
Maggio Law
1227 E. Fortification Street
Jackson, Mississippi 39202
mike@mtlawms.com
caleb@mtlawms.com

**Via MEC**
Zack Wallace, Circuit Clerk
Hinds County Circuit Court
Post Office Box 327
Jackson, Mississippi 39205

This the 29th day of September 2023.

Gabrielle C. Wells