### IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**AUDREY MCGEE**                                                                      **PLAINTIFF**

**VS.**                                                      **CAUSE NO. 23-502**

**TARGET ENTERPRISE, INC.,**
*dba* **TARGET; AND**
**JOHN AND JANE DOES 1-10**                                        **DEFENDANTS**

### COMPLAINT
### (JURY TRIAL REQUESTED)

COMES NOW, Audrey McGee ("Plaintiff"), by and through Counsel, and files this action against Defendant, Target Enterprise, Inc., *dba* Target (hereinafter "Defendant"); and John and Jane Does 1-10, collectively referred to as "Defendants." In support thereof, Plaintiff would show unto this Court the following matters, to wit:

### PARTIES

1.

Audrey McGee is an adult resident citizen of Hinds County, Mississippi residing at 115 Queen Anne Lane, Jackson, Mississippi 39209.

2.

Defendant, Target Enterprise, Inc., is a foreign corporation in good standing in the State of Mississippi, with its principal place of business located at 1000 Nicollet Mall, TPS-3155, Minneapolis, Minnesota, 55403, and may be served with process of this Court through its Registered Agent, C T Corporation System, at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

3.

Defendants John and Jane Doe(s) 1-10 are fictitious Defendants, the true identity of each

1



is unknown to Plaintiff, and who are parties herein pursuant to Rule 9(h) of the Mississippi Rules of Civil Procedure. More specifically, Defendants John and Jane Doe(s) constitute the class of organizations, companies, or individuals unknown to Plaintiff at this time, and that through his/her/its negligence, conspiracy, concealment, or otherwise caused Plaintiff's damage or delayed Plaintiff's access to judicial relief. Plaintiff reserves the right to amend the Complaint when the true identity of each fictitious Defendant is discovered, thereinafter effecting process to be executed on each party.

## JURISDICTION AND VENUE

4.

Jurisdiction and venue are proper, pursuant to Mississippi Code of 1972, § 11-11-3(1)(a)(i), in that the accident listed herein occurred at Defendant's commercial premises, located at 6365 I 55 N, in Jackson, Hinds County, Mississippi.

## FACTS

5.

On or about September 21, 2020, Plaintiff entered the commercial premises of Defendant. While visiting Defendant's restroom, Plaintiff slipped on the wet floor and fell backward. Plaintiff's head hit the floor during the course of her fall.

6.

The wet floor heretofore mentioned caused Plaintiff to fall and resulted in injuries as a result of Defendant's actions and/or inactions.

7.

As an invitee, the Defendant owed Plaintiff a duty to keep the premises in a reasonably safe condition and, when and where not reasonably safe, to warn of hidden dangers.

2

8.

The wet floor, which constituted a dangerous condition, was not known to Plaintiff. As a result, Plaintiff was seriously injured.

9.

At all times relevant hereto, the Defendant owned, operated, occupied, leased, maintained, inspected, cleaned, controlled, supervised, managed, and repaired the premises on which Plaintiff was injured.

10.

Plaintiff did not cause or contribute to the subject accident.

11.

The Defendant, and its agents and/or employees, failed to fulfill their joint, several, and collective duty to use reasonable care and to take adequate and reasonable safety precautions or measures to protect invitees on the premises from foreseeable harm and danger, including the harm suffered by Plaintiff.

12.

The Defendant was on notice of the dangers; more specifically, the Defendant knew or should have known about the wet floor within its bathroom. However, the Defendant failed to take reasonable measures to prevent foreseeable safety hazards.

13.

Plaintiff was not aware of the above-referenced dangerous condition caused by the Defendant. Likewise, there was no warning sign(s) present in the area warning Plaintiff, or other visitors, of this dangerous condition.

Exhibit "A"

14.

As a direct result of her fall and because of the negligence of the Defendant named herein, the Plaintiff has sustained significant personal injury.

## CAUSES OF ACTION

### I.   NEGLIGENCE OF DEFENDANT TARGET.

15.

Plaintiff incorporates by reference each and every averment made in the paragraphs above.

16.

Defendant, Target Enterprise, Inc., owed the following duties to Plaintiff:

(a)   To exercise reasonable, ordinary care of its property;

(b)   To exercise the same care that a reasonably prudent person would under like circumstances;

(c)   To exercise reasonable, ordinary care to keep a safe environment free from hazards;

(d)   To warn patients of any hazardous conditions;

(e)   To fix any hazardous conditions on its property; and

(f)   Other acts of negligence that will be shown at trial.

17.

Defendant, Target Enterprise, Inc., had a duty to act as a reasonably prudent person under like circumstances; it owed this duty to Plaintiff. Defendant breached every duty as listed above, and by doing so caused harm to Plaintiff.

18.

The direct cause of Plaintiff's injuries was Defendant, Target Enterprise, Inc., negligent acts. But for its negligent acts and/or omissions the harm suffered by Plaintiff could have been


Exhibit "A"

avoided.

19.

As a direct and proximate cause of the Defendant's negligence, Plaintiff has suffered personal injuries; medical expenses, past and future; severe pain and suffering, past, present, and future; and mental anguish, past, present, and future.

### NEGLIGENCE/FAILURE TO WARN/CAUSATION

20.

All of the averments contained in paragraphs 1-19 are incorporated herein by reference as if fully set forth below.

21.

The Defendant owed Plaintiff the duty of ordinary and reasonable care to keep the premises in a reasonably safe condition, and when not reasonably safe, to warn of dangerous conditions not readily apparent, which Defendant and its employees knew or should have known of in the exercise of reasonable care.

22.

Further, Defendant owed a duty to the public, including Plaintiff, to exercise reasonable care to provide a safe environment, to conduct regular and necessary upkeep of the floors in the restroom area, to provide safe ingress and egress to and from the floors in the restroom area, and/or to properly and timely inspect and clean up dangerous and hazardous conditions on the floors in the restroom area of the premises. The Defendant was careless and negligent in the maintenance, inspection, and cleaning of the floors in its restroom.

23.

Exhibit "A"

Defendant was negligent in that it did not properly warn Plaintiff of the dangerous conditions then present upon the premises and did not properly inspect and maintain the area causing injury to the Plaintiff. The Defendant knew, or in the exercise of reasonable care, should have known that Plaintiff would be subject to accident and injury from the unsafe conditions on the premises.

24.

Plaintiff was without notice that said area was dangerous. Plaintiff used due care for her own safety as an invitee and patron of Defendant's premises, and in no manner contributed to the accident.

25.

The Defendant's actions, by and through its employees' acts and/or omissions which constituted a departure from ordinary standards, amounted to negligence and said negligence was the proximate cause of the Plaintiff's injuries, in the following nonexclusive particulars:

a. Failure to use reasonable care in the inspection of the premises;

b. Failure to use reasonable care to make the premises safe;

c. Failure to warn of non-obvious hazards and inherent dangers to Plaintiff and others visiting the store owned by Defendants;

d. Failure to use reasonable care in the maintenance of the premises;

g. Any and all negligence that may be shown at a trial on the merits.

25.

**Exhibit "A"**

But for the negligence of the Defendant in failing to properly maintain its premises, or warn of the dangers present, the Plaintiff would not have been injured. Defendants breached the above duties causing Plaintiff to suffer severe harm.

### NEGLIGENT HIRING/RETENTION/SUPERVISION/TRAINING

26.

The Plaintiff adopts by reference paragraphs 1-25 herein above.

27.

The Defendant was further negligent in the hiring, retention, supervision, and/or training of its employees. Specifically, the Defendant failed to provide adequate training, supervision, and/or oversight to eliminate hidden dangers to the public and to the Plaintiff. The direct and proximate causes of Plaintiff's injuries were Defendant's negligent acts. But for these negligent acts and/or omissions the harm suffered by Plaintiff would have been avoided.

### DAMAGES

28.

Plaintiff incorporates by reference each and every averment made in paragraphs 1-27 herein above.

29.

Based on the foregoing, the Plaintiff requests an award of damages for the following:

(a) Past, present, and future pain and suffering;

(b) Past, present, and future loss of wages or wage-earning capacity;

(c) Past, present, and future medical expenses;

(d) Permanent scarring and/or impairment, if any;

(e) Permanent disability, if any;

**Exhibit "A"**

(f) Past, present, and future emotional distress and mental anguish;

(g) Attorney's fees;

(h) Pre-judgment interest;

(i) Post-judgment interest; and

(j) All costs of this Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a trial by jury and seeks judgment of, from, and against the Defendant listed above to adequately compensate Plaintiff for her injuries, and for any other relief provided by law.

Respectfully submitted this the 25th day of August, 2023.

Audrey McGee, Plaintiff

MIKE SALTAFORMAGGIO

COUNSEL FOR PLAINTIFF:

Mike Saltaformaggio (MSB#104000)
Caleb Courtney (MSB#106466)
'MAGGIO LAW
1227 E. Fortification St.
Jackson, Mississippi 39202
Ph: 601-300-3333
Fax: 769-257-7770
mike@mtlawms.com
caleb@mtlawms.com

Exhibit "A"

# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court — Form AOC/01 (Rev 2020)
Administrative Office of Courts

Case: 25-CI-cv-00502-W  Court Identification Docket # 2-1  Filed: 08/29/2023  Page 1 of 1

County # 25 | Judicial District 1 | Court ID CI | Year 2023 | Docket Number 502
Month 08 Date 29 Year 23

In the **Circuit** Court of **Hinds** County — **First** Judicial District

**Origin of Suit:** [X] Initial Filing

**Plaintiff — Individual:** Last Name: McGee   First Name: Audrey

Address of Plaintiff: Maggio Law
Attorney (Name & Address): Mike Saltaformaggio, 1227 E. Fortification St., Jackson, MS 39202   MS Bar No. 104000

**Defendant — Business:** Target Enterprise, Inc.
[X] D/B/A: Target

**Nature of Suit:** [X] Premises Liability (Torts)



**Exhibit "A"**

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**AUDREY MCGEE**                                                               **PLAINTIFF**

**VS.**                                                      **CAUSE NO. 23-502**

**TARGETR ENTERPRISE, INC.**
***dba* TARGET; AND**
**AND JOHN AND JANE DOES 1-10**                          **DEFENDANTS**

### SUMMONS

To:    Target Enterprise, Inc.
       CT Corporation System, Registered Agent
       645 Lakeland East Drive, Suite 101
       Flowood, MS 39232

Or wherever said person may be found in said County and State:

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

       You are required to mail or hand-deliver a copy of a written response to this Complaint to 'MAGGIO LAW, attorney for the Plaintiff, whose address is 1227 East Fortification Street, Jackson, Mississippi 39202. Your response to the Complaint must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or things demanded in the Complaint.

       You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

       Issued under my hand and seal of said Court, this **29** day of **August**, 2023.

                                            By: *Rora Holy, DC*

Exhibit "A"

M/T SD

Case: 25CI1:23-cv-00502-WLK  Document #: 4  Filed: 09/12/2023  Page 1 of 2

## PROOF OF SERVICE

Name of Person or Entity Served: **Target Enterprises, Inc. / CT Corp.**

Location of Service: **645 Lakeland East Dr. Ste. 101, Flowood, MS 39232**

I, the undersigned process server, served the summons / summons and complaint / writ of garnishment / subpoena duces tecum upon the person or entity named above in the manner set forth below (process server must check the proper space and provide all additional information that is requested and pertinent to the mode of service used):

(X) **PERSONAL SERVICE.** I personally delivered copies to **Matt Thibodeaux** on the **31st** day of **August**, 2023, where I found said person in **Rankin** County of the State of Mississippi. (Agent of Process: **CT Corporation System**)

( ) **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County of the State of Mississippi. I served the Summons and Complaint on the ____ day of _____, 2023, at the usual place of abode of said person by leaving a true copy of the Summons and Complaint with _____ who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the Summons and Complaint, and thereafter, on the ____ day of _____, 2023, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

( ) **I WAS UNABLE TO SERVE THE SUMMONS AND COMPLAINT.**

P.S. 08/31/2023 @ 10:13

At the time of service, I was at least 18 years of age and not a party to this action.

Name: **Jeff Robertson (Robertson SOP for MS)**
Address: **P.O. Box 632**
**Brandon, MS 39043**
Telephone: **(601) 954-1502**

Signature: _____
(Personal / Residence)

STATE OF MISSISSIPPI
COUNTY OF **Rankin** :

PERSONALLY APPEARED BEFORE ME THE UNDERSIGNED AUTHORITY in and for the state and county aforesaid, the within named **Jeff Robertson** who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service" are true and correct as therein stated.

_____
Process Server (Signature)

SWORN TO AND SUBSCRIBED before me, this the **31st** day of **August**, 2023.

_____
NOTARY PUBLIC

[Notary seal: STATE OF MISSISSIPPI NOTARY PUBLIC ID # 22496 TANYA WALBRUN Commission Expires Dec. 8, 2024 RANKIN COUNTY]

MY COMMISSION EXPIRES: **12/8/2024**

**Exhibit "A"**

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

**AUDREY MCGEE**     **PLAINTIFF**

VS.     CAUSE NO. 23-502

**TARGETR ENTERPRISE, INC.**
*dba* **TARGET; AND**
**AND JOHN AND JANE DOES 1-10**     **DEFENDANTS**

### SUMMONS

To:    Target Enterprise, Inc.
CT Corporation System, Registered Agent
645 Lakeland East Drive, Suite 101
Flowood, MS 39232

Or wherever said person may be found in said County and State:

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

    You are required to mail or hand-deliver a copy of a written response to this Complaint to 'MAGGIO LAW, attorney for the Plaintiff, whose address is 1227 East Fortification Street, Jackson, Mississippi 39202. Your response to the Complaint must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or things demanded in the Complaint.

    You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

    Issued under my hand and seal of said Court, this 29 day of August, 2023.

By: *Rora Holy, DC*

1

**Exhibit "A"**